# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-mj-125

| |
|---|
| IN THE MATTER OF THE SEARCH OF PRIORITY MAIL PARCEL BEARING TRACKING NUMBER 9505 5141 4657 4087 6048 10 CURRENTLY LOCATED AT 2300 YORKMONT ROAD, CHARLOTTE, NORTH CAROLINA, 28217 |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

The undersigned, being duly sworn, deposes and states:

### INTRODUCTION AND AGENT BACKGROUND

1. This Affidavit is made in support of an Application for a Search Warrant for a Priority Mail parcel bearing United States Postal Service (USPS) tracking number 9505 5141 4657 4087 6048 10 (hereafter, the "SUSPECT PARCEL").

2. This Court has jurisdiction to issue the requested Warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711(3). Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated.

3. I, Justin Jenkins, am a United States Postal Inspector (Inspector) currently assigned to the Charlotte, North Carolina Field Office. I have been so employed since February of 2024. I am currently assigned to the Contraband Interdiction and Investigations (CI2) team. I am responsible for investigations involving the illegal use of the United States (U.S.) Mail in the trafficking of illegal narcotics, controlled substances, or proceeds derived from the sale of controlled substances, in violation of Title 21, United States Code, §§ 841 and 846 (manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute or dispense controlled substances and conspiracy to commit the same). These investigations involve the mailing of

fentanyl, methamphetamine, ecstasy (MDMA), marijuana, cocaine, and other controlled and non-controlled prescription narcotics. These investigations also involve the mailing of U.S. currency as payment for controlled substances and illegal narcotics sent illegally through the U.S. mail, or as payment for such shipments. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

4. Prior to being employed by the United States Postal Inspection Service (USPIS), I was employed as a Special Agent with the United States Secret Service (USSS) from 2019 to 2024. Prior to being employed by the USSS, I was employed as a State Trooper with the Florida Highway Patrol (FHP) from 2016 to 2019. During my time as a USSS Special Agent, I was responsible for the investigation of large-scale financial crimes, including counterfeiting, fraud, money laundering and cybercrime. During my time as a State Trooper with FHP, I was responsible for numerous traffic stops, some of which resulted in individuals being arrested for possession of methamphetamine, marijuana, cocaine, heroin, fentanyl, and other controlled and non-controlled prescription drugs. All of my investigations have been conducted using traditional investigatory methods, and electronic surveillance. I have participated in the execution of several search and seizure warrants, including the searches of residences, businesses, and vehicles.

5. As set forth below, there is probable cause to believe that the SUSPECT PARCEL contains evidence, fruits, and instrumentalities of narcotics trafficking in violation of 21 U.S.C. §§ 841 and 846. The facts below are based on my investigation and information provided to me by others. I have only included those facts that are necessary to establish probable cause for the requested warrant.

**FACTS IN SUPPORT OF PROBABLE CAUSE**

6. On March 27, 2024, the SUSPECT PARCEL entered the mail stream in Sacramento, California. The SUSPECT PARCEL was addressed to "Ebony Johnson, 6931 Cascade Dream Ct, Huntersville, NC 28078."

7. On March 28, 2024, I was able to review the external characteristics of the parcel through United States Postal Service records. I noted the SUSPECT PARCEL as suspicious given the parcel's weight, labeling information, and certain parcel identifiers. The sender did not include a state as part of the shipping address, making the return address incomplete. Accordingly, I attempted to verify the information provided on the SUSPECT PARCEL label by using law enforcement databases. I was unable to determine the validity of the sender's name and address associated with the return address. I determined the recipient's name is not associated with the recipient address.

8. On March 29, 2024, the SUSPECT PARCEL arrived at the Charlotte Regional Processing and Distribution Center (RPDC) in Gastonia, North Carolina.

9. The SUSPECT PARCEL is described as follows:

   a. Addressed to: "Ebony Johnson, 6931 Cascade Dream Ct, Huntersville, NC 28078";

   b. From: "Deidre Williams, 4228 Callanan Ct, Carmichael 95608";

   c. Size: 12" by 3.5" by 14";

   d. Weight: Approximately 3 pounds, 4 ounces;

   e. Postage affixed: $18.40; and

f. Physical description: a Priority Mail Medium Flat Rate Box displaying a Priority Mail Label bearing USPS tracking number 9505 5141 4657 4087 6048 10.

9. On March 30, 2024, I attempted to verify the information provided on the SUSPECT PARCEL label by using law enforcement databases. I was unable to determine the validity of the sender's name and address associated with the return address. I determined the recipient's name is not associated with the recipient address.

10. I am aware, through my training and experience, that people who utilize the U.S. Mail to distribute controlled substances and their proceeds commonly use fictitious names and addresses to avoid detection by law enforcement agencies. I am also aware, through training and experience, that California is a known source area for narcotics.

11. Additionally, I am aware, again, through my training and experience, that people often use the U.S. Mail, specifically Express and Priority Mail, for the delivery of controlled substances and proceeds for various reasons, some of which are listed below:

   a. Items sent via Express and Priority Mail are considered to be First-Class Mail. Therefore, these items cannot be examined without a federal search warrant;

   b. Express and Priority Mail are generally expected to be delivered in one to three days. This assures the sender of expedited delivery;

   c. Various dispatch times (times which a mailed item is transported to the next destination) are available to customers upon request and provide the sender an opportunity to have some control as to the arrival of the mailed item; and

   d. Individuals desiring to either send or receive controlled substances and payments for these substances through the U.S. Mail can do so without having

4

to provide identification. This reduces the possibility of revealing their true identity.

12. In my training and experience, cash used to purchase controlled substances is usually kept within close proximity of the controlled substances themselves. As such, it is common for residue from the controlled substances to be found on the cash, providing an odor detectable to trained K-9s.

13. Given the suspicious physical appearance of the SUSPECT PARCEL, on April 1, 2024, Inspectors obtained the SUSPECT PARCEL from the Charlotte RPDC and transported it to the USPIS office in Charlotte, North Carolina. Postal Inspectors contacted K-9 Handler Detective Jonathan Cerdan of the Charlotte-Mecklenburg Police Department (CMPD) for further investigation. Detective Cerdan responded to the Charlotte USPIS office with drug detecting K-9 "Cali."

14. On April 1, 2024 at 09:19 a.m., The SUSPECT PARCEL was placed into a lineup. The SUSPECT PARCEL was placed with four separate but similar control parcels at the USPIS Charlotte office. A Postal Inspector observed as K-9 Cali walked among the parcels. CMPD K-9 Handler Detective Cerdan stated that K-9 Cali alerted to the SUSPECT PARCEL. When K-9 Cali alerts, it means that K-9 Cali has potentially detected the odor and/or presence of narcotics.

15. K-9 Cali was certified by the National Police Canine Association (NPCA) on July 27, 2018. K-9 Cali was again certified by the NPCA on October 29, 2018, November 4, 2019, November 3, 2020, November 2, 2021, and November 9, 2022. K-9 Cali was most recently certified on November 8, 2023. K-9 Cali is specifically trained to detect narcotic odors including marijuana, cocaine, methamphetamine, MDMA, and heroin. During the last five years, K-9 Cali has been allowed to sniff a large number of building interiors, vehicles, packages, parcels, and

suitcases. Detective Cerdan continues to conduct additional training to maintain K-9 Cali's proficiency. When K-9 Cali has alerted to the odor of narcotics on any of these items, narcotics and/or illicit proceeds of controlled substance sales have been present in an overwhelming majority of the cases.

## CONCLUSION

16. Based on the above facts, probable cause exists to believe that the SUSPECT PARCEL contains evidence of a crime, contraband, fruits, or other items illegally possessed, or property designed for use, intended for use, or used in committing a crime, in violation of 21 U.S.C. §§ 841 and 846. As such, I respectfully request this Court issue the requested Search Warrant for the SUSPECT PARCEL.

## REQUEST FOR SEALING

17. I further request this Court order all papers in support of this Application, including the Affidavit and Search Warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*This Affidavit was reviewed by AUSA Shavonn Bennette.*

Respectfully,

_____/s/ Justin Jenkins_____
JUSTIN JENKINS, POSTAL INSPECTOR
U.S. POSTAL INSPECTION SERVICE

6

Case 3:24-mj-00125-DCK   Document 1-2   Filed 04/03/24   Page 6 of 9

Subscribed and sworn to before me on this 3rd
day of April, 2024.

_____

David C. Keesler
United States Magistrate Judge

**ATTACHMENT A**

**Items to be Searched**

The item to be searched is depicted below and is a United States Postal Service Priority Mail Parcel bearing tracking number 9505 5141 4657 4087 6048 10. The parcel is further described as a white Priority Mail Medium Flat Rate Box, bearing the return address "Deidre Williams, 4228 Callanan Ct, Carmichael 95608," and addressed to "Ebony Johnson, 6931 Cascade Dream Ct, Huntersville, NC 28078". The parcel measures approximately 12" by 3.5" by 14."



## ATTACHMENT B

### Items to be Seized

The items to be seized consist of evidence, fruits, and instrumentalities of violations of Title 21, United States Code, §§ 841 and 846 (possession with intent to distribute a controlled substance and conspiracy to commit the same), including:

1. Controlled substances, drug paraphernalia, and associated packaging;

2. Proceeds of controlled substance purchases or sales, to include currency, money orders, bank checks, and monetary instruments;

3. Transaction records regarding the purchase, sale, or transfer of controlled substances, to include receipts, bills of sale, and other indicia of purchase/sale;

4. Indicia of who sent the parcel; and

5. Indicia of the intended recipient of the parcel.